United States District Court
Southern District of Texas
**ENTERED**
October 14, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSENDO PADILLA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:19-cv-119 |
| | § | |
| THOMAS QUINTERO, | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On July 1, 2019, Plaintiff Rosendo Padilla, Jr., filed a civil rights complaint against Thomas Quintero, a deputy clerk in the Cameron County District Clerk's Office. Dkt. No. 1. Padilla asserts that Quintero violated his constitutional right to access the courts when he repeatedly delayed filing a motion in Padilla's state court case.

On June 1, 2020, Quintero filed a motion for judgment on the pleadings. Dkt. No. 29. The motion has been fully briefed. Dkt. No. 35.

After reviewing the record and the relevant caselaw, it is recommended that the motion for judgment on the pleadings be granted. Stated simply, Padilla has failed to state a claim to relief.

## I. Background

### A. Factual Background

On June 8, 2011, Padilla was charged with aggravated assault with a deadly weapon, a felony. State of Texas v. Padilla, Case Number 11-cr-1330. According to Padilla, the underlying facts of the charge was that he struck another vehicle which contained a driver and four passengers, all of whom were his "long term friends." Dkt. No. 1-4, p. 1.

Shortly after being charged, Padilla reached a financial settlement with all five people in the other vehicle. Dkt. No. 1-4, pp. 1-2. The five persons in the other vehicle executed affidavits as to the settlement, which were turned over to Padilla's counsel. Id.

On November 21, 2011, the felony charges of aggravated assault were dismissed. Dkt. No. 1-4, p. 2.  Padilla pled guilty to a Class B misdemeanor charge of accident involving damage to vehicle, was sentenced to time served and released from custody. State of Texas v. Padilla, Case Number 11-CCR-6405-B.

The Court notes that on January 29, 2016, Padilla was sentenced to 120 months of incarceration for being a felon in possession of a firearm. U.S. v. Padilla, Criminal Case No. 4:14-174-1, Dkt. No. 306 (S.D. Tex. 2014).  Padilla claims that he "received a significantly enhanced federal sentence" partly due to the accident conviction. Dkt. No. 1-1, p. 8.

On May 23, 2018, Padilla attempted to file a motion to void the judgment in his state criminal conviction for the accident involving damage to vehicle. Dkt. No. 1-4.  The crux of his argument is that the financial settlements with the victims made the criminal case "moot for lack of a legally cognizable interest in the outcome." Id., p. 2.

Padilla claims that he attempted to have his wife hand-deliver the motion to void judgment to the Cameron County District Clerk's Office. Dkt. No. 1-1, p. 1.  Assistant Clerk Thomas Quintero "refused to accept and formally process" the motion. Id.  Quintero allegedly told Padilla's wife that the motion could not be filed "because it's an old and settled case." Id., p. 3.

Padilla claims to have attempted to file the motion three additional times, only to have Quintero refuse to accept it each time. Id.  On the fifth attempt, Quintero accepted the motion, but has not calendared it for a hearing. Id

**B. Procedural History**

On July 1, 2019, Padilla filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, alleging that Quintero denied him access to the courts. Dkt. No. 1-1, pp. 10-12.  Padilla seeks monetary damages and the "cessation of unconstitutional conduct, and for the calendaring of hearing on the merits for motion to void judgment." Id., pp. 13-14.

On that same day, Padilla filed a motion to proceed in forma pauperis. Dkt. No. 2.

On July 12, 2019, the Court granted the motion to proceed in forma pauperis and ordered service upon Quintero and the Cameron County Judge. Dkt. No. 6.

On June 1, 2020, Quintero filed a motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c). Dkt. No. 29.  Quintero offers six arguments, which the Court has summarized as three: (1) Padilla has not shown that Quintero acted with deliberate indifference; (2) Padilla failed to exhaust state remedies; and, (3) Padilla fails to state a claim upon which relief can be granted. Id.[1]

On September 1, 2020, Padilla timely filed his response. Dkt. No. 35.

## II. Applicable Law

### A. Motion for Judgment on the Pleadings

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is judged under the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). Great Plains Trust Co. v. Morgan Stanley Dean Witter, 313 F.3d 305, 313 n. 8 (5th Cir. 2002).

Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to plead sufficient facts "to state a claim to relief that is plausible on its face." Ferguson v. Bank of New York Mellon Corp., 802 F.3d 777, 780 (5th Cir. 2015) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then dismissal is proper. Id. at 679.

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 735 (5th Cir. 2019). All well-pled facts must be

---

[1] Quintero has also claimed qualified immunity.  As discussed further below, Padilla's failure to state a claim upon which relief can be granted renders qualified immunity unnecessary.

viewed in the light most favorable to the plaintiff. Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan, 960 F.3d 190, 194 (5th Cir. 2020).

Dismissal, for failing to state a claim upon which relief can be granted, is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

### B. Section 1983

As relevant here, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
> Id.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979). To prevail upon a § 1983 claim a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the constitutional violation. Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013).

### C. Access to the Courts

Prisoners have a constitutional right to access the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). However, the right of access is not a free-standing, all-encompassing right. A prisoner must allege a concrete injury as a result of the denial of access. Lewis v. Casey, 518 U.S. 343, 351 (1996). Padilla is further required to allege that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered. Brewster v. Dretke, 587 F.3d 764, 769 (5th Cir. 2009).

4

### D. Qualified Immunity

Qualified immunity protects "government officials performing discretionary functions" from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is "an immunity from suit rather than a mere defense to liability; ... it is effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

The two-part test for qualified immunity requires the Court to determine: (1) whether defendants' actions violated the plaintiff's constitutional rights; and (2) whether those rights were clearly established at the time of the defendant's actions. Pearson v. Callahan, 555 U.S. 223 (2009). "If [the Court] determine[s] that the alleged conduct did not violate a constitutional right, our inquiry ceases because there is no constitutional violation for which the government official would need qualified immunity." Lytle v. Bexar Cty., Tex., 560 F.3d 404, 410 (5th Cir. 2009).

## III. Analysis

Allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981). Even granting Padilla this leeway, he still fails to state a claim upon which relief can be granted.

As previously noted, Quintero made several arguments in support of his motion for judgment on the pleadings.  The argument as to deliberate indifference is unsupported by the law and should be denied.  The arguments as to exhaustion and the failure to state a claim are meritorious and support granting the motion for judgment on the pleadings.

### A. Deliberate Indifference

Quintero argues that Padilla "has not pleaded sufficient facts to establish deliberate indifference; therefore the suit should be dismissed." Dkt. No. 29, p. 12.  This argument misses the point.

Padilla asserts that Quintero denied him access to the courts.  In order to state a claim for violation of this right, Padilla must plead facts showing that he was denied "a reasonably adequate opportunity to file nonfrivolous legal claims challenging [his] convictions or conditions of confinement." Johnson v. Rodriguez, 110 F.3d 299, 310–11 (5th Cir. 1997).  Quintero has cited no caselaw showing that Padilla is required to show that Quintero was "deliberately indifferent" to his constitutional rights.  Accordingly, no basis for dismissal exists pursuant to this argument.

### B. Exhaustion

Quintero's motion seems to argue that Padilla failed to exhaust his state remedies, when Padilla argues that this Court should order Quintero to calendar his motion to void judgment.

Quintero argues that the appropriate state remedy for his calendaring claim "would have been to file an out of time appeal in the State of Texas Thirteenth Court of Appeals to overturn his conviction or to file a petition for mandamus for the Thirteenth Court of Appeals to order County Court at Law No. 2 to calendar his motion." Dkt. No. 29, p. 11. This point is correct, in that this Court cannot grant Padilla the relief that he seeks.  For that reason, it fails to state a cause of action.

It is well-established that "[f]ederal courts have no authority to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." Conner v. Texas Court of Criminal Appeals, 481 F. App'x 952, 953 (5th Cir. 2012) (quoting Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir.1973)) (internal quotations omitted).  Thus, Quintero must exhaust his state remedies as to the calendaring claim, because this Court lacks jurisdiction to grant such relief.  The calendaring claim to relief, filed by Padilla, should be dismissed without prejudice for lack of subject matter jurisdiction.

### C. Failure to State a Claim

Quintero argues that Padilla has failed to state a claim upon which relief can be granted.  The motion for judgment on the pleadings should be granted on this ground.[2]

As previously noted, Padilla must allege facts showing that Quintero hindered him from pursuing a nonfrivolous, arguable legal claim.  <u>Brewster</u>, 587 F.3d at 769.  Padilla fails to meet this standard.

In filing the motion to void judgment, Padilla seeks to overturn a state misdemeanor conviction for which he is no longer incarcerated.  Under Texas law, county courts at law can issue <u>habeas corpus</u> relief for misdemeanor convictions, if the person is under enhanced punishment in a subsequent case as a result of the misdemeanor conviction.  <u>Ex parte Schmidt</u>, 109 S.W.3d 480, 481 (Tex. Crim. App. 2003).  Thus, the Court must determine whether this <u>habeas</u> attack has any arguable merit.  In short, it does not.

The crux of Padilla's argument is that his private financial settlement deprived the state criminal court of jurisdiction.  This argument is frivolous.  While some states have a "civil compromise" statute, that allows a defendant to have a criminal case dismissed by making private restitution to the victim, Texas does not.  <u>See</u> <u>22 C.J.S. Criminal Law: Substantive Principles</u> § 123 (discussing civil compromise statutes across the country).  The State of Texas has a clear interest in enforcing its criminal laws, one that exists independent of any private financial settlements.  <u>Gibson v. Orleans Par. Sheriff</u>, No. 13-30944, 2014 WL 1066987, at *1 (5th Cir. Mar. 20, 2014) ("the state has an important interest in enforcing its criminal laws").  Thus, the <u>habeas</u> motion has no arguable merit.

Because the underlying <u>habeas</u> motion is meritless, Padilla has not pled facts

---

[2] Padilla has also argued that the failure to state a claim means that Padilla lacks standing.  The standing argument is subsumed into the analysis regarding the failure to state a claim.  <u>See</u> <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 514 (2006) (when standing argument requires the Court to resolve a factual dispute as to an essential element of the claim for relief, it should tentatively find jurisdiction and then examine the facts).

showing that Quintero hindered him from pursuing an arguable legal claim.  The motion for judgment on the pleadings should be granted.[3]

## IV. Recommendation

It is recommended that the motion for judgment on the pleadings filed by Defendant Thomas Quintero be granted. Dkt. No. 29.

Padilla's claim to have the Court order Quintero to calendar the motion should be dismissed without prejudice for lack of subject matter jurisdiction.

Padilla's denial of access to the court claim should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on October 14, 2020.

Ronald G. Morgan
United States Magistrate Judge

---

[3] Given that the Court finds that Quintero did not violate Padilla's constitutional rights, that finding also necessarily decides that Quintero does not need qualified immunity. See Lytle v. Bexar Cty., Tex., 560 F.3d 404, 410 (5th Cir. 2009) (If "the alleged conduct did not violate a constitutional right, our inquiry ceases because there is no constitutional violation for which the government official would need qualified immunity.").  Accordingly, Quintero does not need qualified immunity and the immunity is inapplicable.